**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| JOSEPHINE HOOD | CIVIL ACTION 1:15-cv-06274 |
| Plaintiff, | |
| v. | COMPLAINT |
| BASS AND ASSOCIATES, P.C., | JURY TRIAL DEMANDED |
| Defendant. | |

## COMPLAINT

NOW COMES the Plaintiff, JOSEPHINE HOOD ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd., complaining of the Defendant, BASS AND ASSOCIATES P.C. ("Defendant"), as follows:

## NATURE OF THE ACTION

1.  Plaintiff brings this action as a consumer to secure redress for the unlawful collection practices engaged in by Defendant. Plaintiff alleges violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA), the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/10a ("ICFA"), and the Bankruptcy Discharge Injunction, 15 U.S.C. §524.

## JURISDICTION AND VENUE

2.  Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. §1692 (FDCPA), 15 U.S.C. §524 (Bankruptcy Discharge Injunction), 28 U.S.C. §§1331, 1337, as this action arises under the laws of the United States, and supplemental jurisdiction exists for state law claims pursuant to 28 U.S.C. §1367.

3. Venue and jurisdiction are proper in this Court pursuant to 28 U.S.C. §1391 because Defendant conducts business in the Northern District of Illinois and Defendant's unlawful collection efforts impacted Plaintiff within the Northern District of Illinois.

## PARTIES

4. Plaintiff is natural person residing at 24154 Mill Creek Lane, Plainfield, Illinois 60586.

5. Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3).

6. At all times relevant to the action, Defendant was a professional company with its principal place of business located at 3936 E. Fort Lowell Road, Tucson, Arizona 85712. Defendant transacts business in Illinois.

7. Defendant is a national leader in debt collection and relief services. Defendant offers a one-stop, full service alternative or a specifically designed outsource program for their clients' debt recovery issues including collections, bankruptcy and litigation.

8. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6), because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

9. At all times relevant to this complaint, the Defendant was collecting on a consumer debt as defined by 15 U.S.C. §1692 a(5).

## FACTS SUPPORTING CAUSES OF ACTION

10. Plaintiff obtained a line of credit with United Consumer Financial Services ("United").

11. Plaintiff subsequently defaulted on her monthly payments to United ("subject debt").

12. On January 28, 2015, Plaintiff filed a Chapter 7 petition in the United States Bankruptcy Court, Northern District of Illinois, Case Number 15-02785, invoking the protections of the

automatic stay pursuant to 11 U.S.C. §362. *See* attached Exhibit A, a true and correct copy of the Notice of Bankruptcy Case Filing.

13. Plaintiff listed United as a unsecured creditor on her bankruptcy Schedule F. *See* attached Exhibit B, a true and correct copy of Schedule F filed with Plaintiff's Bankruptcy Petition.

14. Plaintiff was granted a discharge of her debts, including the subject debt, on April 28, 2015. By virtue of listing United as a creditor in her bankruptcy, the BNC sent notice of Plaintiff's discharge to United on April 28, 2015. *See* attached Exhibit C is a true and accurate copy of the notice of discharge sent by the BNC to United.

15. Upon information and belief, Defendant purchased the subject debt shortly after Plaintiff's bankruptcy discharge.

16. Defendant purchased the subject debt after the Plaintiff was in default on the subject debt.

17. Defendant had knowledge of the discharged status of the subject debt at the time it purchased it from United.

18. On July 1, 2015, Defendant sent a dunning letter to Plaintiff attempting to collect on the subject debt. *See* attached Exhibit D, a true and correct copy of Defendant's July 1, 2015, letter.

19. Defendant's dunning letter expressly stated:

> **"This communication is from a debt collector. It is an attempt to collect a debt and any information obtained will be used for that purpose."** *Id.*

20. Defendant's dunning letter also falsely represented that Plaintiff's bankruptcy case had been dismissed instead of discharged.

21. Defendant's dunning letter was highly confusing to Plaintiff as she believed her obligation on the subject debt was extinguished through her bankruptcy discharge, yet Defendant was seeking payment.

22. Concerned and confused by Defendant's dunning letter, Plaintiff sought the assistance of counsel.

23. Plaintiff has expended time and incurred costs consulting with her attorneys as a result of Defendant's deceptive collection actions.

24. Plaintiff was unduly inconvenienced and harassed by Defendant's unlawful attempt to collect the subject debt.

25. Plaintiff suffered from emotional distress, anxiety, and mental anguish as a result of Defendant's unlawful attempt to collect the discharged subject debt as she was led to believe her bankruptcy was dismissed and had no legal effect.

## COUNT I -- VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

26. Plaintiff repeats and realleges paragraphs 1 through 25 as though fully set forth herein.

27. Defendant violated 15 U.S.C. §§1692e, e(2), e(10), f, and f(1) through its debt collection efforts.

28. Defendant's dunning letter violated 15 U.S.C. §1692e by falsely representing that Plaintiff's bankruptcy was dismissed rather than discharged.

29. Defendant violated 15 U.S.C. §1692e(2) when it misrepresented the character, amount, and legal status of the subject debt. The subject debt was not owed at the time Defendant demanded payment because it was discharged in Plaintiff's Chapter 7 bankruptcy.

30. Defendant violated 15 U.S.C. §1692e(10) when it falsely represented that the subject debt was collectable at the time of the demand was made as it was not owed by virtue of Plaintiff's bankruptcy discharge.

31. Defendant violated 15 U.S.C. §1692f by employing unfair and unconscionable means to collect the subject debt as Plaintiff's obligation to Defendant was discharged in bankruptcy, and

thus she did not have a duty or obligation to make the payment demanded. It is inherently unfair to attempt to deceive consumers into paying a debt that was discharged pursuant to federal bankruptcy laws.

32. Defendant violated 15 U.S.C. §1692(f)(1) by attempting to collect an amount not permitted by law as Plaintiff's obligation to pay the subject debt was extinguished by her bankruptcy discharge, thus she had no legal or contractual obligation to make payments on the subject debt.

33. It is inherently deceptive and oppressive for Defendant to induce Plaintiff into paying a debt that she does not owe by falsely misleading Plaintiff into thinking her bankruptcy case has been dismissed rather than discharged.

34. Given that the underlying subject debt was duly scheduled in Plaintiff's bankruptcy and subsequently discharged, Defendant had no legal or contractual right to attempt to collect the subject debt from the Plaintiff.

35. All of Defendant's collection efforts occurred with actual knowledge of Plaintiff's bankruptcy filing and discharge.

36. Defendant, as a sophisticated creditor, should have systems and procedures in place to identify accounts discharged in bankruptcy.

37. As pled in paragraphs 23 to 25, the Plaintiff has suffered damages as a result of Defendant's unlawful collection practices.

WHEREFORE, Plaintiff, JOSEPHINE HOOD, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. awarding Plaintiff statutory damages of $1,000 as prescribed by the FDCPA;

5

c.  awarding actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;

d.  awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692 and;

e.  awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT II --VIOLATIONS OF THE ILLINOIS
## CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT

38. Plaintiff restates and realleges paragraphs 1 through 37 as though fully set forth herein.

39. Defendant violated 815 ILCS 505/2 by engaging in an unfair and deceptive act or practice by using fraud, deception, and misrepresentation in its attempt to collect a discharged debt from Plaintiff.

40. The Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") states:

> Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact . . . in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby. 815 ILCS 505/2.

41. Plaintiff is a consumer as defined by ICFA, 815 ILCS 505/1(e).

42. Defendant's attempt to collect a debt is part of the conduct of any trade or commerce as defined by ICFA, 815 ILCS 505/1(f).

43. Defendant's demands for payment on the subject debt, which was duly scheduled in Plaintiff's bankruptcy and subsequently discharged, represents the use of deception, fraud and false pretense in an attempt to collect a debt that was not collectable at the time the demands for payment were made by Defendant.

6

44. Defendant had actual knowledge of Plaintiff's bankruptcy discharge when it attempted to unlawfully collect on the uncollectable subject debt.

45. It is inherently deceptive and unfair for Defendant to induce Plaintiff into paying a debt that she does not owe by falsely misleading Plaintiff into thinking her bankruptcy case has been dismissed rather than discharged.

46. Defendant intended that Plaintiff rely on its misrepresentations in its efforts to induce the Plaintiff into paying a debt that she no longer owed and a debt that cannot be legally enforced.

47. Upon information and belief, Defendant systematically attempts to collect discharge debts and it is Defendant's regular practice to mislead consumers into believing their bankruptcy cases were dismissed in an effort to maximize profits at the expense of Illinois consumers.

48. ICFA was designed to protect consumers, such as the Plaintiff, from the exact behavior committed by Defendant.

49. ICFA further states:

> Any person who suffers actual damage as a result of a violation of this Act committed by any other person may bring an action against such person. The court, in its discretion may award actual economic damages or any other relief which the court deems proper. 815 ILCS 505/10a.

50. As pled in paragraphs 23 to 25, the Plaintiff has suffered damages as a result of Defendant's unlawful collection practices.

51. As such, the Plaintiff is entitled to relief pursuant to 815 ILCS 505/10a.

WHEREFORE, Plaintiff, JOSEPHINE HOOD, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. awarding the Plaintiff actual and punitive damages, in an amount to be determined at trial, for the underlying violations;

c.  awarding the Plaintiff costs and reasonable attorney fees;

d.  awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT III - VIOLATIONS OF 11 U.S.C. § 524(A)(2)

52. Plaintiff repeats and realleges paragraphs 1 through 51 as though fully set forth herein.

53. Pursuant to 11 U.S.C. § 524(a)(2), a discharge order "operates as an injunction" against acts to collect discharged debts.

54. "Section 524(a)(2) enjoins an act to collect a discharged debt, so a creditor that attempts to collect a discharged debt is in contempt of the bankruptcy court that issued the order of discharge." *Cox v. Zale Delaware, Inc.*, 239 F.3d 910, 915 (7th Cir. 2001).

55. Punitive damages are especially appropriate when a party has acted in "arrogant defiance" of the Bankruptcy Code. *In re Medlin*, 201 B.R. 188, 194 (Bankr.E.D.Tenn.1996).

56. Defendant violated the Discharge Injunction by willfully attempting to collect the subject debt with actual notice of Plaintiff's bankruptcy and the discharged status of the subject debt.

57. Defendant should have implemented procedures and trained its employees to both discourage and prevent willful violations of the Bankruptcy Code.

58. Defendant's conduct demonstrates that it has no such system in place to protect the rights of consumers under the protection of the Bankruptcy Code.

59. Defendant's conduct represents a brazen disregard of both the letter and the intent of the Bankruptcy Code.

60. As pled in paragraphs 23 through 25, Plaintiff has suffered damages as a direct result of Defendant's civil contempt of the Order of Discharge.

61. Upon information and belief, Defendant regularly and systematically engages in collection activity in direct violation of the Discharge Injunction.

62. Defendant's practice of systematically disregarding the Discharge Injunction demonstrates egregious behavior in arrogant defiance of Federal Law.

63. Plaintiff is entitled to punitive damages for Defendant's arrogant disregard of the Discharge Injunction.

64. The Court should award punitive damages to deter Defendant from future misconduct.

WHEREFORE, Plaintiff, JOSEPHINE HOOD, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a.  declaring that the practices complained of herein violate the aforementioned statutes and regulations;

b.  awarding Plaintiff actual and punitive damages, in an amount to be determined at trial, for the underlying violations

c.  awarding the Plaintiff costs and reasonable attorney fees; and

d.  awarding any other relief as this Honorable Court deems just and appropriate.


Dated: July 17, 2015                    Respectfully Submitted,


                                        /s/ Mohammed O. Badwan
                                        Mohammed O. Badwan, Esq. ARDC#6299011
                                        *Counsel for Plaintiff*
                                        Sulaiman Law Group, LTD
                                        900 Jorie Blvd, Ste 150
                                        Oak Brook, IL 60523
                                        Phone (630)575-8181
                                        Fax: (630)575-8188

9