**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| JOSEPHINE HOOD, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 15-cv-06274 |
| | ) | |
| v. | ) | Hon. Elaine E. Bucklo |
| | ) | |
| BASS AND ASSOCIATES, P.C., | ) | |
| | ) | |
| Defendant. | ) | |

## ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

Defendant, BASS & ASSOCIATES, P.C., incorrectly sued as BASS AND ASSOCIATES, P.C. ("Bass"), by its attorneys, David J. Frankel, Esq. and the law firm of Sorman & Frankel, Ltd., for its Answer and Affirmative Defenses to Plaintiff's, JOSEPHINE HOOD ("Plaintiff"), Complaint (the "Complaint"), states as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this action as a consumer to secure redress for the unlawful collection practices engaged in by Defendant. Plaintiff alleges violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA"), the Illinois Consumer Fraud and Deceptive Business Practices Act., 815 ILCS 505/10a ("ICFA"), and the Bankruptcy Discharge Injunction, 15 U.S.C. §524.

**ANSWER:**   Bass neither admits nor denies the allegations in Paragraph 1 of the Complaint to the extent that such allegations constitute legal conclusions, or assertions of statutory provisions pursuant to which Plaintiff seeks relief, to which no response is required. Answering further, Bass denies any and all other allegations in Paragraph 1 of the Complaint.

<u>**JURISDICTION AND VENUE**</u>

2.   Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. §1692 (FDCPA), 15 U.S.C. §524 (Bankruptcy Discharge Injunction), 28 U.S.C. §§1331, 1337, as this action arises under the laws of the United States, and supplemental jurisdiction exists for state law claims pursuant to 28 U.S.C. §1367.

<u>**ANSWER:**</u>   Bass neither admits nor denies the allegations in Paragraph 2 of the Complaint to

the extent that such allegations constitute legal conclusions to which no response is required.

Answering further, Bass denies any and all other allegations in Paragraph 2 of the Complaint.

3.   Venue and jurisdiction are proper in this Court pursuant to 28 U.S.C. §1391 because Defendant conducts business in the Northern District of Illinois and Defendant's unlawful collection efforts impacted Plaintiff within the Northern District of Illinois.

<u>**ANSWER:**</u>   Bass neither admits nor denies the allegations in Paragraph 3 of the Complaint to

the extent that such allegations constitute legal conclusions, or assertions of statutory provisions

pursuant to which Plaintiff seeks relief, to which no response is required.  Answering further,

Bass denies any and all other allegations in Paragraph 3 of the Complaint.

<u>**PARTIES**</u>

4.   Plaintiff is natural person residing at 24154 Mill Creek Lane, Plainfield, Illinois 60586.

<u>**ANSWER:**</u>   Bass denies knowledge sufficient to form a belief as to the truth or falsity of the

allegations in Paragraph 4 of the Complaint and, therefore, neither admits nor denies same.

5.   Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3).

<u>**ANSWER:**</u>   Bass neither admits nor denies the allegations in Paragraph 5 of the Complaint to

the extent that such allegations constitute legal conclusions, or assertions of statutory provisions

pursuant to which Plaintiff seeks relief, to which no response is required. Answering further, Bass denies any and all other allegations in Paragraph 5 of the Complaint.

6. At all times relevant to the action, Defendant was a professional company with its principal place of business located at 3936 E. Fort Lowell Road, Tucson, AZ 85712. Defendant transacts business in Illinois.

**ANSWER:** Bass denies the allegations in Paragraph 6 of the Complaint, as drafted and affirmatively states that it is a duly registered Arizona professional corporation.

7. Defendant is a national leader in debt collection and relief services. Defendant offers a one-stop, full service alternative or a specifically designed outsource program for their clients' debt recovery issues including collections, bankruptcy and litigation.

**ANSWER:** Bass neither admits nor denies the allegations in Paragraph 7 of the Complaint, as drafted, to the extent that such allegations contain undefined terms to which it cannot respond. Answering further, Bass states that it is engaged in the business of providing bankruptcy and debt collection services to its clients.

8. Defendant is a "debt collector" as defines by the FDCPA, 15 U.S.C. §1692A(6), because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

**ANSWER:** Bass neither admits nor denies the allegations in Paragraph 8 of the Complaint to the extent that such allegations constitute legal conclusions, or assertions of statutory provisions pursuant to which Plaintiff seeks relief, to which no response is required. Notwithstanding the foregoing, Bass admits that it uses the mails and/or telephone to contact third-parties relating to consumer accounts.

9. At all times relevant to this complaint, the Defendant was collecting on a consumer debt as defined by 15 U.S.C. §1692a(5).

**ANSWER:**    Bass neither admits nor denies the allegations in Paragraph 9 of the Complaint to the extent that such allegations constitute legal conclusions, or assertions of statutory provisions pursuant to which Plaintiff seeks relief, to which no response is required.  Answering further, Bass denies any and all other allegations in Paragraph 9 of the Complaint.

## FACTS SUPPORTING CAUSES OF ACTION

10. Plaintiff obtained a line of credit with United Consumer Financial Services ("United").

**ANSWER:**    Bass denies the allegations in Paragraph 10 of the Complaint, as drafted.


11. Plaintiff subsequently defaulted on her monthly payments to United ("subject debt").

**ANSWER:**    Bass admits the allegations in Paragraph 11 of the Complaint.


12. On January 28, 2015, Plaintiff filed a Chapter 7 petition in the United States Bankruptcy Court, Northern District of Illinois, Case Number 15-02785, invoking the protections of the automatic stay pursuant to 11 U.S.C. §362. *See* attached Exhibit A, a true and correct copy of the Notice of Bankruptcy Case Filing.

**ANSWER:**    Bass neither admits nor denies the allegations in Paragraph 12 of the Complaint to the extent that such allegations relate to matters of public record and documents relating to same.


13. Plaintiff listed United as an unsecured creditor on her bankruptcy Schedule F. *See* attached Exhibit B, a true and correct copy of Schedule F filed with Plaintiff's Bankruptcy Petition.

**ANSWER:**    Bass neither admits nor denies the allegations in Paragraph 13 of the Complaint to the extent that such allegations relate to matters of public record and documents relating to same.


14. Plaintiff was granted a discharge of her debts, including the subject debt, on April 28, 2015.  By virtue of listing United as a creditor in her bankruptcy, the BNC sent notice of Plaintiff's discharge to United on April 29, 2015. *See* attached Exhibit C is a true and accurate copy of the notice of discharge sent by the BNC to United.

**ANSWER:**     Bass neither admits nor denies the allegations in Paragraph 14 of the Complaint to

the extent that such allegations relate to matters of public record and documents relating to same.

15. Upon information and belief, Defendant purchased the subject debt shortly after Plaintiff's bankruptcy discharge.

**ANSWER:**     Bass denies the allegations in Paragraph 15 of the Complaint, as drafted.

16. Defendant purchased the subject debt after the Plaintiff was in default on the subject debt.

**ANSWER:**     Bass denies the allegations in Paragraph 16 of the Complaint, as drafted.

17. Defendant had knowledge of the discharged status of the subject debt at the time it purchased it from United.

**ANSWER:**     Bass denies the allegations in Paragraph 17 of the Complaint, as drafted.

18. On July 1, 2015, Defendant sent a dunning letter to Plaintiff attempting to collect on the subject debt. *See* attached Exhibit D, a true and correct copy of Defendant's July 1, 2015, letter.

**ANSWER:**     Bass admits the allegation in Paragraph 18 of the Complaint that it sent the letter

attached to the Complaint as Exhibit D.  Bass denies any and all other allegations in Paragraph

18 of the Complaint and, answering further, affirmatively states that the foregoing

correspondence was sent due to an inadvertent and unintentional error.

19. Defendant's dunning letter expressly stated:

> "**This communication is from a debt collector. It is an attempt to collect a debt and any information obtained will be used for that purpose.**" *Id.*

**ANSWER:** Bass neither admits nor denies the allegations in Paragraph 19 of the Complaint to the extent that the document referred to therein speaks for itself. Bass denies any and all other allegations in Paragraph 19 of the Complaint.

20. Defendant's dunning letter also falsely represented that Plaintiff's bankruptcy case had been dismissed instead of discharged.

**ANSWER:** Bass denies the allegations in Paragraph 20 of the Complaint, as drafted.

21. Defendant's dunning letter was highly confusing to Plaintiff as she believed her obligation on the subject debt was extinguished through her bankruptcy discharge, yet Defendant was seeking payment.

**ANSWER:** Bass denies knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 21 of the Complaint to the extent that such allegations refer to what Plaintiff "believed," and, therefore, neither admits nor denies same. Answering further, Bass denies any and all other allegations in Paragraph 21 of the Complaint and, answering further, affirmatively states the foregoing correspondence was sent due to an inadvertent and unintentional error.

22. Concerned and confused by Defendant's dunning letter, Plaintiff sought the assistance of counsel.

**ANSWER:** Bass denies knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 22 of the Complaint to the extent that such allegations refer to Plaintiff being "concerned and confused," and, therefore, neither admits nor denies same. Answering further, Bass denies any and all other allegations in Paragraph 22 of the Complaint and, answering further, affirmatively states the foregoing correspondence was sent due to an inadvertent and unintentional error.

23. Plaintiff has expended time and incurred costs consulting with her attorneys as a result of Defendant's deceptive collection actions.

**ANSWER:**     Bass denies knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 23 of the Complaint and, therefore, neither admits nor denies same. Answering further, Bass denies any and all other allegations in Paragraph 23 of the Complaint and, answering further, affirmatively states the foregoing correspondence was sent due to an inadvertent and unintentional error.

24. Plaintiff was unduly inconvenienced and harassed by Defendant's unlawful attempt to collect the subject debt.

**ANSWER:**     Bass denies the allegations in Paragraph 24 of the Complaint, as drafted.

25. Plaintiff suffered from emotional distress, anxiety, and mental anguish as a result of Defendant's unlawful attempt to collect the discharged subject debt she was led to believe her bankruptcy was dismissed and had no legal effect.

**ANSWER:**     Bass denies the allegations in Paragraph 25 of the Complaint, as drafted.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

26. Plaintiff repeats and realleges paragraphs 1 through 25 as though fully set forth herein.

**ANSWER:**     Bass restates and reasserts its responses to Paragraphs 1 through 25 of the Complaint as and for its answer to Paragraph 26 of the Complaint as if fully set forth herein.

27. Defendant violated 15 U.S.C. §§1692e, e(2), e(10), f, and f(1) through its debt collection efforts.

**ANSWER:**     Bass neither admits nor denies the allegations in Paragraph 27 of the Complaint to the extent that such allegations constitute legal conclusions, or assertions of statutory provisions pursuant to which Plaintiff seeks relief, to which no response is required.  Answering further,

Bass denies any and all other allegations in Paragraph 27 of the Complaint and affirmatively states the foregoing correspondence was sent due to an inadvertent and unintentional error.

28. Defendant's dunning letter violated 15 U.S.C. §1692e by falsely representing that plaintiff's bankruptcy was dismissed rather than discharged.

**ANSWER:** Bass neither admits nor denies the allegations in Paragraph 28 of the Complaint to the extent that such allegations constitute legal conclusions, or assertions of statutory provisions pursuant to which Plaintiff seeks relief, to which no response is required. Answering further, Bass denies any and all other allegations in Paragraph 28 of the Complaint and affirmatively states the foregoing correspondence was sent due to an inadvertent and unintentional error.

29. Defendant violated 15 U.S.C. §1692e(2) when it misrepresented the character, amount, and legal status of the subject debt. The subject debt was not owed at the time Defendant demanded payment because it was discharged in Plaintiff's Chapter 7 bankruptcy.

**ANSWER:** Bass neither admits nor denies the allegations in Paragraph 29 of the Complaint to the extent that such allegations constitute legal conclusions, or assertions of statutory provisions pursuant to which Plaintiff seeks relief, to which no response is required. Answering further, Bass denies any and all other allegations in Paragraph 29 of the Complaint and affirmatively states the foregoing correspondence was sent due to an inadvertent and unintentional error.

30. Defendant violated 15 U.S.C. §1692e(10) when it falsely represented that the subject debt was collectable at the time of the demand was made as it was not owed by virtue of Plaintiff's bankruptcy discharge.

**ANSWER:** Bass neither admits nor denies the allegations in Paragraph 30 of the Complaint to the extent that such allegations constitute legal conclusions, or assertions of statutory provisions pursuant to which Plaintiff seeks relief, to which no response is required. Answering further,

Bass denies any and all other allegations in Paragraph 30 of the Complaint and affirmatively states the foregoing correspondence was sent due to an inadvertent and unintentional error.

31. Defendant violated 15 U.S.C. §1692f by employing unfair and unconscionable means to collect the subject debt as Plaintiff's obligation to Defendant was discharged in bankruptcy, and thus she did not have a duty or obligation to make the payment demanded. It is inherently unfair to attempt to deceive consumers into paying a debt that was discharged pursuant to federal bankruptcy laws.

**ANSWER:**     Bass neither admits nor denies the allegations in Paragraph 31 of the Complaint to the extent that such allegations constitute legal conclusions, or assertions of statutory provisions pursuant to which Plaintiff seeks relief, to which no response is required.  Answering further, Bass denies any and all other allegations in Paragraph 31 of the Complaint affirmatively states the foregoing correspondence was sent due to an inadvertent and unintentional error.

32. Defendant violated 15 U.S.C. §1692(f)(1) by attempting to collect an amount not permitted by law as Plaintiff's obligation to pay the subject debt was extinguished by her bankruptcy discharge, thus she had no legal or contractual obligation to make payments on the subject debt.

**ANSWER:**     Bass neither admits nor denies the allegations in Paragraph 32 of the Complaint to the extent that such allegations constitute legal conclusions, or assertions of statutory provisions pursuant to which Plaintiff seeks relief, to which no response is required.  Answering further, Bass denies any and all other allegations in Paragraph 32 of the Complaint and affirmatively states the foregoing correspondence was sent due to an inadvertent and unintentional error.

33. It is inherently deceptive and oppressive for Defendant to induce Plaintiff into paying a debt that she does not owe by falsely misleading Plaintiff into thinking her bankruptcy case has been dismissed rather than discharged.

**ANSWER:**     Bass neither admits nor denies the allegations in Paragraph 33 of the Complaint to the extent that such allegations constitute legal conclusions to which no response is required.

Answering further, Bass denies any and all other allegations in Paragraph 33 of the Complaint affirmatively states the foregoing correspondence was sent due to an inadvertent and unintentional error.

34. Given that the underlying subject debt was duly scheduled in Plaintiff's bankruptcy and subsequently discharged, Defendant had no legal or contractual right to attempt to collect the subject debt from the Plaintiff.

**ANSWER:**   Bass admits the allegations in Paragraph 34 of the Complaint but, answering further, affirmatively states the foregoing correspondence was sent due to an inadvertent and unintentional error.

35. All of Defendant's collection efforts occurred with actual knowledge of Plaintiff's bankruptcy filing and discharge.

**ANSWER:**   Bass denies the allegations in Paragraph 35 of the Complaint, as drafted, and, answering further, affirmatively states the foregoing correspondence was sent due to an inadvertent and unintentional error.

36. Defendant, as a sophisticated creditor, should have systems procedures in place to identify accounts discharged in bankruptcy.

**ANSWER:**   Bass admits the allegations in Paragraph 36 of the Complaint but, answering further, affirmatively states the foregoing correspondence was sent due to an inadvertent and unintentional error.

37. As pled in paragraphs 23 to 25, the Plaintiff has suffered damages as a result of Defendant's unlawful collection practices.

**ANSWER:**   Bass denies the allegations in Paragraph 37 of the Complaint, as drafted.

37A.    Bass denies any and all other allegations not heretofore admitted, qualified or denied.

**WHEREFORE**, Defendant, BASS & ASSOCIATES, P.C., incorrectly sued as BASS AND ASSOCIATES, P.C., respectfully requests that this Court enter Judgment in its favor, and against Plaintiff, JOSEPHINE HOOD, as to Count I of the Complaint; and, for such other, further and different relief as this Court deems just and proper.

## COUNT II – VIOLATIONS OF THE ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT

38. Plaintiff restates and realleges paragraphs 1 through 37 as though fully set forth herein.

**ANSWER:**    Bass restates and reasserts its responses to Paragraphs 1 through 37 of the Complaint as and for its answer to Paragraph 38 of the Complaint as if fully set forth herein.

39. Defendant violated 815 ILCS 505/2 be engaging in an unfair and deceptive at or practice by using fraud, deception, and misrepresentation in its attempt to collect a discharged debt from Plaintiff.

**ANSWER:**    Bass neither admits nor denies the allegations in Paragraph 39 of the Complaint to the extent that such allegations constitute legal conclusions, or assertions of statutory provisions pursuant to which Plaintiff seeks relief, to which no response is required.  Answering further, Bass denies any and all other allegations in Paragraph 39 of the Complaint and affirmatively states the foregoing correspondence was sent due to an inadvertent and unintentional error.

40. The Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") states:

> Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact… in the conduct of any trade or commerce are hereby declared unlawful whether any persona has in fact been misled, deceived or damaged thereby. 815 ILCS 505/2.

**ANSWER:**    Bass neither admits nor denies the allegations in Paragraph 40 of the Complaint to the extent that such allegations constitute legal conclusions, or assertions of statutory provisions pursuant to which Plaintiff seeks relief, to which no response is required.

41. Plaintiff is a consumer as defined by ICFA, 815 ILCS 505/1(e).

**ANSWER:**    Bass neither admits nor denies the allegations in Paragraph 41 of the Complaint to the extent that such allegations constitute legal conclusions, or assertions of statutory provisions pursuant to which Plaintiff seeks relief, to which no response is required.  Answering further, Bass denies any and all other allegations in Paragraph 41 of the Complaint.

42. Defendant's attempt to collect a debt is part of the conduct of any trade or commerce as defined by ICFA, 815 505/1(f).

**ANSWER:**    Bass neither admits nor denies the allegations in Paragraph 42 of the Complaint to the extent that such allegations constitute legal conclusions, or assertions of statutory provisions pursuant to which Plaintiff seeks relief, to which no response is required.  Answering further, Bass denies any and all other allegations in Paragraph 42 of the Complaint and affirmatively states the foregoing correspondence was sent due to an inadvertent and unintentional error.

43. Defendant's demands for payment on the subject debt, which was duly scheduled in Plaintiff's bankruptcy and subsequently discharged, represents the use of deception, fraud and false pretense in an attempt to collect a debt that was not collectable at the time the demands for payment were made by Defendant.

**ANSWER:**   Bass neither admits nor denies the allegations in Paragraph 43 of the Complaint to the extent that such allegations constitute legal conclusions to which no response is required. Answering further, Bass denies any and all other allegations in Paragraph 43 of the Complaint and affirmatively states the foregoing correspondence was sent due to an inadvertent and unintentional error.

44. Defendant had actual knowledge of Plaintiff's bankruptcy discharge when it attempted to unlawfully collect on the uncollectable subject debt.

**ANSWER:**   Bass denies the allegations in Paragraph 44 of the Complaint, as drafted, and, answering further, affirmatively states the foregoing correspondence was sent due to an inadvertent and unintentional error.

45. It is inherently deceptive and unfair for Defendant to induce Plaintiff into paying a debt that she does not owe by falsely misleading Plaintiff into thinking her bankruptcy case has been dismissed rather than discharged.

**ANSWER:**   Bass neither admits nor denies the allegations in Paragraph 45 of the Complaint to the extent that such allegations constitute legal conclusions to which no response is required. Answering further, Bass denies any and all other allegations in Paragraph 45 of the Complaint affirmatively states the foregoing correspondence was sent due to an inadvertent and unintentional error.

46. Defendant intended that Plaintiff rely on its misrepresentations in its efforts to induce the Plaintiff into paying a debt that she no longer owed and a debt that cannot be legally enforced.

**ANSWER:**     Bass denies the allegations in Paragraph 46 of the Complaint, as drafted.

47. Upon information and belief, Defendant systematically attempts to collect discharge debts and it is Defendant's regular practice to mislead consumer into believing their bankruptcy cases were dismissed in an effort to maximize profits at the expense of Illinois consumer.

**ANSWER:**     Bass denies the allegations in Paragraph 47 of the Complaint, as drafted.

48. ICFA was designed to protect consumers, such as the Plaintiff, from the exact behavior committed by Defendant.

**ANSWER:**     Bass neither admits nor denies the allegations in Paragraph 48 of the Complaint to the extent that such allegations constitute legal conclusions, or assertions of statutory provisions pursuant to which Plaintiff seeks relief, to which no response is required.

49. ICFA further states:

> Any person who suffers actual damage as a result of a violation of this Act committed by any other person may bring an action against such person. The court, in its discretion may award actual economic damages or any other relief which the court deems proper. 815 ILCS 505/10a.

**ANSWER:**     Bass neither admits nor denies the allegations in Paragraph 49 of the Complaint to the extent that such allegations constitute legal conclusions, or assertions of statutory provisions pursuant to which Plaintiff seeks relief, to which no response is required.

50. As pled in paragraphs 23 to 25, the Plaintiff has suffered damages as a result of Defendant's unlawful collection practices.

**ANSWER:**     Bass denies the allegations in Paragraph 50 of the Complaint, as drafted.

51. As such, the Plaintiff is entitled to relief pursuant to 815 ILCS 505/10a.

**ANSWER:**     Bass neither admits nor denies the allegations in Paragraph 51 of the Complaint to the extent that such allegations constitute legal conclusions, or assertions of statutory provisions pursuant to which Plaintiff seeks relief, to which no response is required.  Answering further, Bass denies any and all other allegations in Paragraph 51 of the Complaint

51A.   Bass denies any and all other allegations not heretofore admitted, qualified or denied.

**WHEREFORE**, Defendant, BASS & ASSOCIATES, P.C., incorrectly sued as BASS AND ASSOCIATES, P.C., respectfully requests that this Court enter Judgment in its favor, and against Plaintiff, JOSEPHINE HOOD, as to Count II of the Complaint; and, for such other, further and different relief as this Court deems just and proper.

## COUNT III – VIOLATIONS OF 11 U.S.C § 524 (A)(2)

52. Plaintiff repeats and realleges paragraphs 1 through 51 as though fully set forth herein.

**ANSWER:**     Bass restates and reasserts its responses to Paragraphs 1 through 51 of the Complaint as and for its answer to Paragraph 52 of the Complaint as if fully set forth herein.

53. Pursuant to 11 U.S.C. §524(a)(2), a discharge order "operates as an injunction" against acts to collect discharged debts.

**ANSWER:**     Bass neither admits nor denies the allegations in Paragraph 53 of the Complaint to the extent that such allegations constitute legal conclusions, or assertions of statutory provisions pursuant to which Plaintiff seeks relief, to which no response is required.

Bass/adv. Hood/Answer and AD

54. "Section 524(a)(2) enjoins an act to collect a discharged debt, so a creditor that attempts to collect a discharged debt is in contempt of the bankruptcy court that issued the order of discharge." *Cox v. Zale Delaware, Inc.,* 239 F.3d910, 915 (7th Cir. 2001).

**ANSWER:**    Bass neither admits nor denies the allegations in Paragraph 54 of the Complaint to the extent that such allegations constitute legal conclusions, or assertions of statutory provisions pursuant to which Plaintiff seeks relief, to which no response is required.

55. Punitive damages are especially appropriate when a party has acted in "arrogant defiance" of the Bankruptcy Code. *In re Medlin,* 201 B.R. 188, 14 (Bankr.E.D.Tenn.1996).

**ANSWER:**    Bass neither admits nor denies the allegations in Paragraph 55 of the Complaint to the extent that such allegations constitute legal conclusions, or assertions of statutory provisions pursuant to which Plaintiff seeks relief, to which no response is required.

56. Defendant violated the Discharge Injunction and the discharged status of the subject debt.

**ANSWER:**    Bass denies the allegations in Paragraph 56 of the Complaint, as drafted, and, answering further, affirmatively states the foregoing correspondence was sent due to an inadvertent and unintentional error.

57. Defendant should have implemented procedures and trained its employees to both discourage and prevent willful violations of the Bankruptcy Code.

**ANSWER:**    Bass denies the allegations in Paragraph 57 of the Complaint, as drafted, and, answering further, affirmatively states the foregoing correspondence was sent due to an inadvertent and unintentional error.

58. Defendant's conduct demonstrates that is has no such system in place to protect the rights of consumers under the protection of the Bankruptcy Code.

**ANSWER:** Bass denies the allegations in Paragraph 58 of the Complaint, as drafted, and, answering further, affirmatively states the foregoing correspondence was sent due to an inadvertent and unintentional error.

59. Defendant's conduct represents a brazen disregard of both the letter and the intent of the Bankruptcy Code.

**ANSWER:** Bass denies the allegations in Paragraph 59 of the Complaint, as drafted, and, answering further, affirmatively states the foregoing correspondence was sent due to an inadvertent and unintentional error.

60. As pled in paragraphs 23 through 25, Plaintiff has suffered damages as a direct result of Defendant's civil contempt of the Order of Discharge.

**ANSWER:** Bass denies the allegations in Paragraph 60 of the Complaint, as drafted.

61. Upon information and belief, Defendant regularly and systematically engages in collection activity in direct violation of the Discharge Injunction.

**ANSWER:** Bass denies the allegations in Paragraph 61 of the Complaint, as drafted.

62. Defendant's practice of systematically disregarding the Discharge Injunction demonstrates egregious behavior in arrogant defiance of Federal Law.

**ANSWER:** Bass denies the allegations in Paragraph 62 of the Complaint, as drafted.

63. Plaintiff is entitled to punitive damages for Defendant's arrogant disregard of the Discharge Injunction.

**ANSWER:** Bass denies the allegations in Paragraph 63 of the Complaint, as drafted.

64. The Court should award punitive damages to deter Defendant from future misconduct.

**ANSWER:** Bass denies the allegations in Paragraph 64 of the Complaint, as drafted.

64A.  Bass denies any and all other allegations not heretofore admitted, qualified or denied.

**WHEREFORE**, Defendant, BASS & ASSOCIATES, P.C., incorrectly sued as BASS AND ASSOCIATES, P.C., respectfully requests that this Court enter Judgment in its favor, and against Plaintiff, JOSEPHINE HOOD, as to Count III of the Complaint; and, for such other, further and different relief as this Court deems just and proper.

Dated:  September 15, 2015.

Respectfully submitted,

BASS & ASSOCIATES, P.C., incorrectly sued as
BASS AND ASSOCIATES, P.C.,
Defendant,

By:  ___/s/ David J. Frankel_____

              One of its attorneys

David J. Frankel, Esq. (#6237097)
Sorman & Frankel, Ltd.
180 North LaSalle Street, Suite 2700
Chicago, Illinois 60601
(312)332-3535
(312)332-3545 (facsimile)